UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WESCO INSURANCE COMPANY and
TECHNOLOGY INSURANCE COMPANY, INC.,           :   18 Civ. 03771
                                              :
                    Plaintiffs,               :
                                              :   **COMPLAINT**
          -and-                               :
                                              :
PERSONNEL STAFFING GROUP, LLC,                :
                                              :
                    Defendant.                :
------------------------------------------------------------------x

## PARTIES

1. Wesco Insurance Company ("Wesco") is an insurance company organized under the laws of the State of Delaware with its principal place of business in New York, New York.

2. Technology Insurance Company, Inc. ("TIC"), is an insurance company organized under the laws of the State of Delaware with its principal place of business in New York, New York. Wesco and TIC are referred to herein collectively as "Plaintiffs."

3. On information and belief, Personnel Staffing Group, LLC ("PSG") is a limited liability company organized under the laws of the State of Florida, which does business under the name of Barnett Management.

4. On information and belief, PSG is authorized to conduct business in the State of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.

6. Venue lies with this Court under 28 U.S.C. § 1391. PSG is subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

7. This action arises from PSG's breach of the parties' workers' compensation and employers' liability insurance policies by failing and refusing to allow Plaintiffs to conduct a premium audit as required by law and provided in the insurance policies.

## FACTUAL BACKGROUND

8. Effective June 30, 2016, Plaintiffs agreed to provide workers' compensation and employers' liability insurance to PSG. A copy of the policy issued by Wesco (the "Wesco Policy") with policy no. WWC3216474 is attached as Exh. 1 hereto. A copy of the policy issued by TIC (the "TIC Policy") with policy no. TWC3565343 is attached as Exh. 2 hereto. The Wesco Policy and the TIC Policy are referred to collectively as the "Policies."

9. The Policies provide workers' compensation insurance for PSG employees in New York and across the United States.

10. The Policies originally were intended to cover the period June 30, 2016 to June 30, 2017. The estimated premium for the Policies was approximately $34 million.

11. The Policies specify that the estimated premium will be adjusted after termination of the policy and the final premium will be determined: "The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not the estimated, premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy." *See* Exhs. 1 and 2 at Part Five, ¶ E (Final Premium).

12. The Policies further provide for final premium to be determined by an audit:

> You will let us examine and audit all your records that relate to this policy. These records include ledgers, journals, registers, vouchers, contracts, tax reports, payroll and disbursement records, and programs for storing and retrieving data. We may conduct audits

> during regular business hours during the policy period and within three years after the policy period ends. Information developed by audit will be used to determine final premium.

*Id.* at ¶ G (Audit).

13. At PSG's request, on or about July 6, 2016, the parties agreed that the Policies would be cancelled effective August 5, 2016.

14. Per the parties' agreement, on or about July 6, 2016, PSG paid $3,750,000 in estimated premium, surcharges and audit collateral, subject to a final audit following the effective date of the cancellation to determine the amount of premium earned up through the cancellation date.

15. Despite repeated requests, PSG has refused to permit a final audit to proceed and has refused to pay any final premium.

16. PSG has also refused requests for records bearing on the amount of premium earned under the Policies through the date of their cancellation.

## COUNT I
## BREACH OF CONTRACT

17. Plaintiffs repeat and reallege the foregoing paragraphs.

18. The Policies require PSG to pay final premium after the policy period ends.

19. The Policies also require PSG to permit the Plaintiffs to conduct a final audit to determine the amount of the final premium.

20. Despite demands, PSG has refused to pay any final premium and has refused to permit an audit to proceed.

21. Accordingly, Plaintiffs seek a judgment against PSG in the amount of the final premium owed under the Policies.

22. Plaintiffs also seek an order from the Court requiring PSG to permit an audit and

make its books and records available to Plaintiffs so that they can determine the final premium due under the Policies.

## COUNT II
## DECLARATORY JUDGMENT

23. Plaintiffs repeat and reallege the foregoing paragraphs.

24. The Declaratory Judgment Act provides in relevant part:

> In a case of an actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

25. As set forth above, and as a result of the facts leading up to the filing of this action, a case of actual controversy exists between Plaintiffs and PSG with respect to Plaintiffs' right to collect final premium due and owing under the Policies and to conduct a final audit to determine the amount of the final premium.

26. Accordingly, Plaintiffs seek a declaration that Plaintiffs are entitled to conduct an audit of PSG's books and records to determine the amount of final premium PSG owes under the Policies.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against PSG as follows:

(i) Requiring PSG to pay final premium owed under the Policies and to make its books and records available to Plaintiffs to audit to determine the amount of the final premium;

(ii) Requiring PSG to pay interest on the final premium;

(iii) Declaring that the Plaintiffs are entitled to audit PSG's books and records to determine the amount of premium PSG owes under the Policies; and

4

       (iv)    Granting any other relief that the Court deems proper and just.

Dated: New York, New York
April 27, 2018

_____
Daniel Hargraves (DH-3698)

FREEBORN & PETERS LLP
The Helmsley Building
230 Park Avenue, Suite 630
New York, New York 10169
(212) 218-8760

*Attorneys for Plaintiffs Wesco Insurance Company and Technology Insurance Company, Inc.*