UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WESCO INSURANCE COMPANY and
TECHNOLOGY INSURANCE COMPANY,
INC.,

        Plaintiffs,

v.

PERSONNEL STAFFING GROUP, LLC,

        Defendant.

Civil Action No. 1:18-cv-03771-PGG

**ANSWER TO PLAINTIFFS'
COMPLAINT**

---

Defendant Personnel Staffing Group, LLC ("PSG" or "Defendant") states for its Answer to the Complaint by Plaintiffs Wesco Insurance Company ("Wesco") and Technology Insurance Company, Inc. ("TIC" and, together with Wesco, "Plaintiffs"), as follows:

## PARTIES

1. PSG lacks knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Complaint.

2. PSG lacks knowledge sufficient to admit or deny the allegations in Paragraph 2 of the Complaint.

3. PSG admits the allegations contained in Paragraph 3 of the Complaint.

4. PSG admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. PSG denies the allegations contained in Paragraph 5 of the Complaint.

6. PSG admits the allegations contained in Paragraph 6 of the Complaint.

## NATURE OF THE ACTION

7. PSG denies the allegations in Paragraph 7 of the Complaint.

8. PSG admits the allegations contained in Paragraph 8 of the Complaint.

9. PSG admits the allegations contained in Paragraph 9 of the Complaint.

10. PSG admits the allegations contained in Paragraph 10 of the Complaint.

11. PSG admits that the Policies provide for calculating a final premium after the Policies end. PSG respectfully refers to the Policies for their complete contents and denies all inconsistent allegations and characterizations in Paragraph 11 of the Complaint.

12. PSG admits that the Policies provide for an audit to develop information that will be used to determine the final premium. PSG respectfully refers to the policies for complete contents and denies all inconsistent allegations and characterizations in Paragraph 12 of the Complaint.

13. PSG admits the allegations contained in Paragraph 13 of the Complaint.

14. PSG admits the allegations contained in Paragraph 14 of the Complaint

15. PSG denies the allegations contained in Paragraph 15 of the Complaint.

16. PSG denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

17. In response to Paragraph 17 of the Complaint, PSG repeats each and every response to the allegations contained in Paragraphs 1 through 16 of the Complaint.

18. PSG respectfully refers to the Policies for their complete contents and denies all inconsistent allegations and characterizations in Paragraph 18 of the Complaint.

19. PSG admits the allegations contained in Paragraph 19 of the Complaint.

20. PSG denies the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint describes the nature of Plaintiffs' claims against

PSG, but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint describes the nature of Plaintiffs' claims against PSG, but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT

23. In response to Paragraph 23 of the Complaint, PSG repeats each and every response to the allegations contained in Paragraphs 1 through 22 of the Complaint.

24. PSG refers the Court to the Declaratory Judgment Act for its complete contents and denies all inconsistent allegations and characterizations in Paragraph 24 of the Complaint.

25. PSG incorporates its answers to paragraphs 11, 12, 18, 19, and 20 of the Complaint. PSG states that, under the Policies, any right to collect additional premiums would arise only after Plaintiffs conduct a final audit to determine the amount of the final premium. Except as so stated, PSG denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 the Complaint describes the nature of Plaintiffs' claims against PSG, but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 26 of the Complaint.

## REQUEST FOR RELIEF

PSG states that Plaintiffs' request for relief should be denied in its entirety.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, PSG alleges as follows:

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

PSG presently has insufficient knowledge or information on which to form beliefs as to whether there are additional, as yet unstated affirmative defenses. Thus, to the extent the Court may have jurisdiction herein, and subject to discovery in this action, PSG expressly reserves its right to assert additional affirmative defenses.

Dated: August 20, 2018
New York, New York

        **TANNENBAUM HELPERN SYRACUSE
        & HIRSCHTRITT LLP**

        /s/ Alexandra Kamenetsky Shea
        Paul D. Sarkozi
        Alexandra Kamenetsky Shea
        900 Third Avenue
        New York, New York 10022
        212-508-6700
        Sarkozi@thsh.com
        Shea@thsh.com

        *Counsel for Defendant Personnel Staffing
        Group, LLC*

*Pro Hac Vice Applications to be Submitted

**SPERLING & SLATER, P.C.**
Greg Shinall
Nathan A. Shev
55 W. Monroe Street, Suite 3200
Chicago, Illinois 60603
312-676-5846
Shinall@sperling-law.com
NShev@sperling-law.com

*Counsel for Defendant Personnel Staffing Group, LLC*