# SPERLING & SLATER
PROFESSIONAL CORPORATION

TELEPHONE  
(312) 641-3200  
FACSIMILE  
(312) 641-6492

55 WEST MONROE STREET  
SUITE 3200  
CHICAGO, IL 60603

July 9, 2019

MEMO ENDORSED

The Application is granted.

*VIA ECF AND FEDEX*  
The Honorable Paul G. Gardephe  
United States District Judge  
   for the Southern District of New York  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

Dated: July 12, 2019

Re: *Wesco Insurance Co., et al. v. Personnel Staffing Group, LLC*, Case No.: 1:18-cv-03771-PGG ("New York Action"):  
PSG's Request for Leave to Amend Its Answer to Plaintiffs' Complaint

Dear Judge Gardephe:

We represent Personnel Staffing Group LLC ("PSG") in connection with the above-referenced matter. We write with the consent of Wesco Insurance Company and Technology Insurance Company, Inc. (together, "Plaintiffs" or "Wesco") to seek leave to amend PSG's Answer to Plaintiffs' Complaint to add a counterclaim for breach of contract based on overpayment of premiums.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with the opposing party's written consent or the Court's leave. Although Plaintiffs consent to the amendment, the Civil Case Management Plan and Scheduling Order governing this matter require leave of Court to amend the pleadings. Therefore, in accordance with Your Honor's Individual Rules of Practice for Civil Cases, the Civil Case Management Plan and Scheduling Order in this matter entered on June 11, 2019, and Rule 15(a)(2) of the Federal Rules of Civil Procedure, PSG submits this correspondence and respectfully requests leave of Court to file the amended answer and counterclaim attached hereto as **Exhibit A**.

Based on information that PSG has learned and discussed with Plaintiffs, PSG believes that it does not owe any additional premium and that, in fact, Plaintiffs are obligated under the policies to issue a premium refund to PSG. As Wesco admits in its Complaint, PSG paid $3,750,000 to Plaintiffs in July 2016. Under Part V.E of the Policies, Plaintiffs are obligated to pay a refund to PSG to the extent the final premium amount is less than the $3,750,000 already paid:

SPERLING & SLATER

The Honorable Paul G. Gardephe
PSG's Request for Leave to Amend
Page 2

> If the final premium is more than the premium you paid to us, you must pay us the balance. *If it is less, we will refund the balance to you.*

(emphasis added). Plaintiffs, however, have rejected PSG's position and refused to pay a refund.

PSG thus seeks leave to amend its answer to Plaintiffs' complaint to assert counterclaims against Plaintiffs. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." This rule sets a "liberal standard," and it reflects a "strong preference for resolving disputes on the merits." *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks omitted). Moreover, under Rule 13(a)(1) of the Federal Rules of Civil Procedure, PSG "must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim ... arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and ... does not require adding another party over whom the court cannot acquire jurisdiction."

In this case, Rule 15's standard is met—both because Plaintiffs have consented to the amendment and also because justice so requires. PSG therefore respectfully asks the Court to grant its request for leave to file an amended answer and assert counterclaims.

Sincerely,

*[signature]*

**SPERLING & SLATER, P.C.**
Greg Shinall, *admitted pro hac vice*
Nathan A. Shev, *admitted pro hac vice*
55 W. Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200
Shinall@sperling-law.com
NShev@sperling-law.com

*Counsel for Defendant Personnel Staffing Group, LLC*

SPERLING & SLATER

The Honorable Paul G. Gardephe
PSG's Request for Leave to Amend
Page 3

                        **TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
                        Paul D. Sarkozi
                        Alexandra Kamenetsky Shea
                        900 Third Avenue
                        New York, New York 10022
                        212-508-6700
                        Sarkozi@thsh.com
                        Shea@thsh.com

                        *Counsel for Defendant Personnel Staffing Group, LLC*

cc:    Daniel Hargraves (dhargraves@freeborn.com)
        Andrew J. Costigan (acostigan@freeborn.com)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESCO INSURANCE COMPANY and TECHNOLOGY INSURANCE COMPANY, INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> PERSONNEL STAFFING GROUP, LLC, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 1:18-cv-03771-PGG <br><br> **AMENDED ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant/Counter-Plaintiff Personnel Staffing Group, LLC ("PSG" or "Defendant") states for its Amended Answer to the Complaint by Plaintiffs/Counter-Defendants Wesco Insurance Company and Technology Insurance Company, Inc. (together, "Wesco" or "Plaintiffs"), as follows:

## PARTIES

1. PSG lacks knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Complaint.

2. PSG lacks knowledge sufficient to admit or deny the allegations in Paragraph 2 of the Complaint.

3. PSG admits the allegations contained in Paragraph 3 of the Complaint.

4. PSG admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. PSG admits the allegations contained in Paragraph 5 of the Complaint.

6. PSG admits the allegations contained in Paragraph 6 of the Complaint.

## NATURE OF THE ACTION

7. PSG denies the allegations in Paragraph 7 of the Complaint.

8. PSG admits the allegations contained in Paragraph 8 of the Complaint.

9. PSG admits the allegations contained in Paragraph 9 of the Complaint.

10. PSG admits the allegations contained in Paragraph 10 of the Complaint.

11. PSG admits that the Policies[1] provide for calculating a final premium after the Policies end. PSG respectfully refers to the Policies for their complete contents and denies all inconsistent allegations and characterizations in Paragraph 11 of the Complaint.

12. PSG admits that the Policies provide for an audit to develop information that will be used to determine the final premium. PSG respectfully refers to the Policies for complete contents and denies all inconsistent allegations and characterizations in Paragraph 12 of the Complaint.

13. PSG admits the allegations contained in Paragraph 13 of the Complaint.

14. PSG admits the allegations contained in Paragraph 14 of the Complaint

15. PSG denies the allegations contained in Paragraph 15 of the Complaint.

16. PSG denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

17. In response to Paragraph 17 of the Complaint, PSG repeats each and every response to the allegations contained in Paragraphs 1 through 16 of the Complaint.

18. PSG incorporates Paragraph 8 of its counterclaim; respectfully refers to the Policies for their complete contents; and denies all inconsistent allegations and characterizations in Paragraph 18 of the Complaint.

19. PSG admits the allegations contained in Paragraph 19 of the Complaint.

20. PSG denies the allegations contained in Paragraph 20 of the Complaint and

---

[1] The term "Policies" shall have the same meaning as defined in Plaintiff's Complaint Paragraph 8.

incorporates Paragraphs 8–10 and 12–18 of its counterclaim.

21. Paragraph 21 of the Complaint describes the nature of Plaintiffs' claims against PSG but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint describes the nature of Plaintiffs' claims against PSG but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT

23. In response to Paragraph 23 of the Complaint, PSG repeats each and every response to the allegations contained in Paragraphs 1 through 22 of the Complaint.

24. PSG refers the Court to the Declaratory Judgment Act for its complete contents and denies all inconsistent allegations and characterizations in Paragraph 24 of the Complaint.

25. PSG incorporates its answers to paragraphs 11, 12, 18, 19, and 20 of the Complaint. Except as so stated, PSG denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 the Complaint describes the nature of Plaintiffs' claims against PSG but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, PSG alleges, as follows:

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

PSG has insufficient knowledge or information on which to form beliefs as to whether there are additional, as-yet unstated affirmative defenses. Thus, subject to discovery in this action, PSG expressly reserves its right to assert additional affirmative defenses.

### COUNTERCLAIM

As and for its counterclaim, PSG alleges, as follows:

### PARTIES

1. PSG is a staffing company that provides personnel to employers around the country. PSG is organized as a limited liability company under Florida law, and its principal place of business is in Deerfield, Illinois.

2. Upon Information and belief, Wesco is an insurance company organized under the laws of the State of Delaware with its principal place of business in New York, New York.

3. Upon information and belief, Technology Insurance Company, Inc. is an insurance company organized under the laws of the State of Delaware with its principal place of businesses in New York, New York.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §1367 because this counterclaim and Plaintiffs' claims are part of the same case or controversy.

## NATURE OF THE CASE

5. This action arises from Plaintiffs' failure to refund amounts due and owing under the Policies.

## FACTUAL BACKGROUND

6. Plaintiffs provided workers' compensation insurance to PSG from June 30, 2016, through August 5, 2016, pursuant to the Policies.

7. For workers' compensation coverage during this period, PSG paid Plaintiffs $3,750,000.

8. Part V.E of the Policies state the following with respect to premium amounts paid, "If the final premium is more than the premium you paid to us, you must pay us the balance. *If it is less, we will refund the balance to you.*" (emphasis added.)

9. PSG overpaid for the workers' compensation insurance and is entitled to a refund under Part V.E. of the Policies.

10. PSG demanded that Plaintiffs refund the overpayment in accordance with the express terms of the Policies.

11. Plaintiffs refused to issue a refund.

## FIRST COUNTERCLAIM

### *Breach of Contract*

12. PSG incorporates all prior allegations as if fully set forth at length herein.

13. Plaintiffs and PSG entered into contracts, the Policies, that required Plaintiffs to provide workers' compensation insurance to PSG from June 30, 2016, through August 5, 2016.

5

14. As alleged in paragraph 14 of Plaintiffs' Complaint, "on or around July 6, 2016, PSG paid $3,750,000 in estimated premium, surcharges and audit collateral" for coverage during this period.

15. PSG has complied with all terms of the Policies and all its obligations thereunder.

16. PSG overpaid for its workers' compensation insurance.

17. Pursuant to Part V.E. of the Policies, PSG is entitled to a refund of its overpayment.

18. PSG has demanded a refund under the Policies, but Plaintiffs have refused to issue a refund.

19. Plaintiffs' breach of the Policies has resulted in damages to PSG in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, PSG demands judgment against Plaintiffs as follows:

i. Deny Plaintiffs' request for relief in its entirety;

ii. Judgment in favor of PSG on the First Counterclaim asserted against Plaintiffs in an amount to be proved at trial, plus interest; and

iii. Such other and further relief that the Court deems just and proper.

Dated: July __, 2019
New York, New York

**SPERLING & SLATER, P.C.**

/s/ _____
Greg Shinall, *admitted pro hac vice*
Nathan A. Shev, *admitted pro hac vice*
55 W. Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200
Shinall@sperling-law.com
NShev@sperling-law.com

6

*Counsel for Defendant Personnel Staffing Group, LLC*

**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
Paul D. Sarkozi
Alexandra Kamenetsky Shea
Carl F. Regelmann
900 Third Avenue
New York, New York 10022
212-508-6700
Sarkozi@thsh.com
Shea@thsh.com
Regelmann@thsh.com

*Counsel for Defendant Personnel Staffing Group, LLC*

7