UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WESCO INSURANCE COMPANY and TECHNOLOGY INSURANCE COMPANY, INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> PERSONNEL STAFFING GROUP, LLC, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 1:18-cv-03771-PGG <br><br> **AMENDED ANSWER TO** <br> **PLAINTIFFS' COMPLAINT** |

Defendant/Counter-Plaintiff Personnel Staffing Group, LLC ("PSG" or "Defendant") states for its Amended Answer to the Complaint by Plaintiffs/Counter-Defendants Wesco Insurance Company and Technology Insurance Company, Inc. (together, "Wesco" or "Plaintiffs"), as follows:

## PARTIES

1. PSG lacks knowledge sufficient to admit or deny the allegations in Paragraph 1 of the Complaint.

2. PSG lacks knowledge sufficient to admit or deny the allegations in Paragraph 2 of the Complaint.

3. PSG admits the allegations contained in Paragraph 3 of the Complaint.

4. PSG admits the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. PSG admits the allegations contained in Paragraph 5 of the Complaint.

6. PSG admits the allegations contained in Paragraph 6 of the Complaint.

## NATURE OF THE ACTION

7. PSG denies the allegations in Paragraph 7 of the Complaint.

8. PSG admits the allegations contained in Paragraph 8 of the Complaint.

9. PSG admits the allegations contained in Paragraph 9 of the Complaint.

10. PSG admits the allegations contained in Paragraph 10 of the Complaint.

11. PSG admits that the Policies[1] provide for calculating a final premium after the Policies end. PSG respectfully refers to the Policies for their complete contents and denies all inconsistent allegations and characterizations in Paragraph 11 of the Complaint.

12. PSG admits that the Policies provide for an audit to develop information that will be used to determine the final premium. PSG respectfully refers to the Policies for complete contents and denies all inconsistent allegations and characterizations in Paragraph 12 of the Complaint.

13. PSG admits the allegations contained in Paragraph 13 of the Complaint.

14. PSG admits the allegations contained in Paragraph 14 of the Complaint

15. PSG denies the allegations contained in Paragraph 15 of the Complaint.

16. PSG denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

17. In response to Paragraph 17 of the Complaint, PSG repeats each and every response to the allegations contained in Paragraphs 1 through 16 of the Complaint.

18. PSG incorporates Paragraph 8 of its counterclaim; respectfully refers to the Policies for their complete contents; and denies all inconsistent allegations and characterizations in Paragraph 18 of the Complaint.

19. PSG admits the allegations contained in Paragraph 19 of the Complaint.

20. PSG denies the allegations contained in Paragraph 20 of the Complaint and

---

[1] The term "Policies" shall have the same meaning as defined in Plaintiff's Complaint Paragraph 8.

incorporates Paragraphs 8–10 and 12–18 of its counterclaim.

21. Paragraph 21 of the Complaint describes the nature of Plaintiffs' claims against PSG but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint describes the nature of Plaintiffs' claims against PSG but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT

23. In response to Paragraph 23 of the Complaint, PSG repeats each and every response to the allegations contained in Paragraphs 1 through 22 of the Complaint.

24. PSG refers the Court to the Declaratory Judgment Act for its complete contents and denies all inconsistent allegations and characterizations in Paragraph 24 of the Complaint.

25. PSG incorporates its answers to paragraphs 11, 12, 18, 19, and 20 of the Complaint. Except as so stated, PSG denies the allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 the Complaint describes the nature of Plaintiffs' claims against PSG but contains no factual allegations. As a result, no response is required. To the extent a response is required, PSG denies the allegations contained in Paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

As and for their affirmative defenses, PSG alleges, as follows:

### First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

PSG has insufficient knowledge or information on which to form beliefs as to whether there are additional, as-yet unstated affirmative defenses. Thus, subject to discovery in this action, PSG expressly reserves its right to assert additional affirmative defenses.

## **COUNTERCLAIM**

As and for its counterclaim, PSG alleges, as follows:

### **PARTIES**

1. PSG is a staffing company that provides personnel to employers around the country. PSG is organized as a limited liability company under Florida law, and its principal place of business is in Deerfield, Illinois.

2. Upon Information and belief, Wesco is an insurance company organized under the laws of the State of Delaware with its principal place of business in New York, New York.

3. Upon information and belief, Technology Insurance Company, Inc. is an insurance company organized under the laws of the State of Delaware with its principal place of businesses in New York, New York.

### **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction under 28 U.S.C. §1367 because this counterclaim and Plaintiffs' claims are part of the same case or controversy.

## NATURE OF THE CASE

5. This action arises from Plaintiffs' failure to refund amounts due and owing under the Policies.

## FACTUAL BACKGROUND

6. Plaintiffs provided workers' compensation insurance to PSG from June 30, 2016, through August 5, 2016, pursuant to the Policies.

7. For workers' compensation coverage during this period, PSG paid Plaintiffs $3,750,000.

8. Part V.E of the Policies state the following with respect to premium amounts paid, "If the final premium is more than the premium you paid to us, you must pay us the balance. *If it is less, we will refund the balance to you.*" (emphasis added.)

9. PSG overpaid for the workers' compensation insurance and is entitled to a refund under Part V.E. of the Policies.

10. PSG demanded that Plaintiffs refund the overpayment in accordance with the express terms of the Policies.

11. Plaintiffs refused to issue a refund.

## FIRST COUNTERCLAIM

### *Breach of Contract*

12. PSG incorporates all prior allegations as if fully set forth at length herein.

13. Plaintiffs and PSG entered into contracts, the Policies, that required Plaintiffs to provide workers' compensation insurance to PSG from June 30, 2016, through August 5, 2016.

14. As alleged in paragraph 14 of Plaintiffs' Complaint, "on or around July 6, 2016, PSG paid $3,750,000 in estimated premium, surcharges and audit collateral" for coverage during this period.

15. PSG has complied with all terms of the Policies and all its obligations thereunder.

16. PSG overpaid for its workers' compensation insurance.

17. Pursuant to Part V.E. of the Policies, PSG is entitled to a refund of its overpayment.

18. PSG has demanded a refund under the Policies, but Plaintiffs have refused to issue a refund.

19. Plaintiffs' breach of the Policies has resulted in damages to PSG in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, PSG demands judgment against Plaintiffs as follows:

i. Deny Plaintiffs' request for relief in its entirety;

ii. Judgment in favor of PSG on the First Counterclaim asserted against Plaintiffs in an amount to be proved at trial, plus interest; and

iii. Such other and further relief that the Court deems just and proper.

Dated: July 12, 2019
New York, New York

**SPERLING & SLATER, P.C.**

*/s/ Nathan A. Shev*
Greg Shinall, *admitted pro hac vice*
Nathan A. Shev, *admitted pro hac vice*
55 W. Monroe Street, Suite 3200
Chicago, Illinois 60603
(312) 641-3200
Shinall@sperling-law.com
NShev@sperling-law.com

*Counsel for Defendant Personnel Staffing Group, LLC*


**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**
Paul D. Sarkozi
Alexandra Kamenetsky Shea
Carl F. Regelmann
900 Third Avenue
New York, New York 10022
212-508-6700
Sarkozi@thsh.com
Shea@thsh.com
Regelmann@thsh.com

*Counsel for Defendant Personnel Staffing Group, LLC*