UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

WESCO INSURANCE COMPANY and          :
TECHNOLOGY INSURANCE COMPANY, INC.,  :          18 Civ. 03771
                                     :
            Plaintiffs/Counterclaim-Defendants,  :
                                     :
            -and-                    :
                                     :
PERSONNEL STAFFING GROUP, LLC,       :
                                     :
            Defendant/Counterclaim-Plaintiff.  :

-----------------------------------------------------------------------x

**WESCO INSURANCE COMPANY AND TECHNOLOGY INSURANCE COMPANY,
INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PERSONNEL STAFFING
GROUP, LLC'S AMENDED ANSWER AND COUNTERCLAIM**

   Plaintiffs/Counterclaim-Defendants Wesco Insurance Company ("Wesco") and

Technology Insurance Company, Inc. ("TIC") (collectively, "AmTrust"), by and through their

undersigned counsel, Freeborn & Peters, LLP, hereby answer the counterclaim of

Defendant/Counterclaim-Plaintiff Personnel Staffing Group, LLC ("PSG") contained in its

Amended Answer and Counterclaim ("PSG's Counterclaim").

## PARTIES

   1.  AmTrust admits that PSG is a staffing company that is organized as a limited

liability company under Florida law with its principal place of business in Deerfield, Illinois.

AmTrust denies the remaining allegations contained in Paragraph 1 of PSG's Counterclaim.

   2.  AmTrust admits that Wesco is an insurance company organized under the laws of

the State of Delaware with its principal place of business in New York, New York. AmTrust

denies the remaining allegations contained in Paragraph 2 of PSG's Counterclaim.

3.      AmTrust admits that TIC is an insurance company organized under the laws of the State of Delaware with its principal place of business in New York, New York. AmTrust denies the remaining allegations contained in Paragraph 3 of PSG's Counterclaim.

## JURISDICTION AND VENUE

4.      Paragraph 4 of PSG's Counterclaim states legal conclusions to which no response is required.

## NATURE OF THE CASE

5.      Paragraph 5 of PSG's Counterclaim states legal conclusions to which no response is required.

## FACTUAL BACKGROUND

6.      AmTrust admits that Wesco and TIC provided workers' compensation insurance to PSG for the period June 30, 2016 through August 5, 2016 and respectfully refers the Court to Policy No. WWC3216474 and Policy No. TWC3565343 (the "Policies") for their terms and conditions. AmTrust denies the remaining allegations contained in Paragraph 6 of PSG's Counterclaim.

7.      AmTrust admits that PSG paid $3,750,000 in estimated premium, surcharges and audit collateral in respect of the Policies. AmTrust denies the remaining allegations contained in Paragraph 7 of PSG's Counterclaim.

8.      AmTrust respectfully refers the Court to the Policies for their actual terms and conditions. AmTrust denies the remaining allegations contained in Paragraph 8 of PSG's Counterclaim.

9.      AmTrust denies the allegations contained in Paragraph 9 of PSG's Counterclaim.

10.     AmTrust admits that PSG demanded a refund. AmTrust denies the remaining allegations contained in Paragraph 10 of PSG's Counterclaim.

11.     AmTrust admits that it refused PSG's demand for a refund. AmTrust denies the remaining allegations contained in Paragraph 11 of PSG's Counterclaim.

## FIRST COUNTERCLAIM

### *Breach of Contract*

12.     AmTrust incorporates by reference its responses to Paragraphs 1-11 of PSG's Counterclaim.

13.     AmTrust admits that Wesco and TIC are parties to the Policies which provide workers' compensation insurance to PSG for the period June 30, 2016 through August 5, 2016 and respectfully refers the Court to the Policies for their terms and conditions. AmTrust denies the remaining allegations contained in Paragraph 13 of PSG's Counterclaim.

14.     AmTrust admits, as alleged in Paragraph 14 of its Complaint in this action, that "on or around July 6, 2016, PSG paid $3,750,000 in estimated premium, surcharges and audit collateral." AmTrust denies the remaining allegations contained in Paragraph 14 of PSG's Counterclaim.

15.     AmTrust denies the allegations contained in Paragraph 15 of PSG's Counterclaim.

16.     AmTrust denies the allegations contained in Paragraph 16 of PSG's Counterclaim.

17.     AmTrust denies the allegations contained in Paragraph 17 of PSG's Counterclaim.

18.     AmTrust admits that PSG demanded a refund, which AmTrust refused. AmTrust denies the remaining allegations contained in Paragraph 18 of PSG's Counterclaim.

19.     Paragraph 19 of PSG's Counterclaim states legal conclusions to which no response is required. To the extent that any response is necessary, AmTrust denies the allegations contained in Paragraph 19 of PSG's Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

20.     PSG's Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

21.     PSG's Counterclaim is barred by the doctrines of waiver, estoppel, and/or acquiescence.

## THIRD AFFIRMATIVE DEFENSE

22.     PSG's Counterclaim is barred by laches.

WHEREFORE, AmTrust respectfully requests that the Court enter judgment denying PSG's Counterclaim with prejudice.

Dated: New York, New York
        August 16, 2019

Sean Thomas Keely
Andrew Costigan

FREEBORN & PETERS LLP
The Helmsley Building
230 Park Avenue, Suite 630
New York, New York 10169
(212) 218-8760

*Attorneys for Plaintiffs/Counterclaim-Defendants
Wesco Insurance Company and Technology
Insurance Company, Inc.*

4