**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
WESCO INSURANCE COMPANY, et al.,

                        Plaintiffs,             18-cv-03771 (PGG) (OTW)

        -against-                               **ORDER**

PERSONNEL STAFFING GROUP, LLC, et al.,

                        Defendants.

------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed Plaintiffs' March 9, 2021 letter requesting leave to file an amended complaint. (ECF 83). At the March 2, 2021 conference and in the March 9, 2021 letter, Plaintiffs raised, for the first time, their intent to litigate misrepresentation claims not pleaded in the operative complaint filed on April 27, 2018.

Plaintiffs have a decision to make, by **April 16, 2021**. Plaintiffs can **(a)** proceed with third-party discovery on the existing complaint or **(b)** elect to delay discovery further (thus delaying resolution of a case that has been pending for nearly three years) by seeking to amend a complaint that faces significant legal hurdles in satisfying Federal Rules of Civil Procedure 15 and 16. *See*, *e.g.*, *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] 'good cause' finding [for Rule 16] depends on the diligence of the moving party"); *Weaver v. Warrington*, No. 14-CV-7097 (ENV) (ST), 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018)

("[C]ourts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery.").[1]

**IF PLAINTIFFS ELECT TO PROCEED ON THE CURRENT COMPLAINT**, Plaintiffs may issue **five (5)** subpoenas for service on PSG's staffing clients in order to identify end-clients at which PSG's staffing employees were placed. The subpoenas may **NOT** seek **(a)** contracts between PSG and the staffing clients (or between the staffing clients and other staffing companies) or **(b)** complete payroll information from each staffing client. Any request for payroll data must be narrowly tailored, i.e., using PSG's proposed two-part request. (ECF 80 at 4 ("PSG's counsel suggested that Plaintiffs should draft a two-stage request into the subpoena . . . ")). **No further party discovery is permitted.**

**IF PLAINTIFFS ELECT TO FILE A MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**, Plaintiffs must make a formal motion to amend by **April 16, 2021**. Defendant's Opposition is due **May 7, 2021**. Plaintiffs' Reply is due **May 14, 2021**. **No discovery, including issuance of any subpoenas, may occur pending briefing of and decision on the motion to amend the complaint.** Plaintiffs are encouraged to heed Rule 11 of the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: March 26, 2021  
New York, New York

_s/ Ona T. Wang_  
**Ona T. Wang**  
United States Magistrate Judge

---

[1] Fact discovery closed November 15, 2019, but was reopened by Judge Gardephe for the limited purpose of allowing Plaintiffs to serve third-party subpoenas on PSG's clients to identity end-clients. (ECF 63 at 4, 18-20). The matter was referred to me for General Pretrial purposes in June 2020. The parties then spent the next eight months discussing settlement, during which time I held six lengthy settlement calls.